IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO POLICY NO. D160505-00518,<br><br>Plaintiff,<br><br>v.<br><br>170 ESTELL MANOR, LLC,<br><br>Defendant. | Civil No. 19-4662 (RBK/AMD)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court upon the Motion for Summary Judgment (Doc. No. 22) and the Motion for Leave to File Excess Pages (Doc. No. 39) filed by Plaintiff and Counterclaim Defendant Certain Underwriters at Lloyd's, London, Subscribing to Policy No. D160505-00518 ("Lloyd's"). The case arises out of a burglary that occurred sometime between November 1, 2017 and February 14, 2018 at a property owned by Defendant and Counterclaimant 170 Estell Manor, LLC ("Estell Manor"). Although Estell Manor was insured for losses due to theft and vandalism through Lloyd's, Lloyd's contends that Estell Manor failed to comply with various provisions of its insurance policy. Consequently, Lloyd's now seeks a declaration that it has no duty to pay out for the losses suffered by Estell Manor. As explained below, Lloyd's Motion for Summary Judgment is premature, and is therefore **DENIED**.

**I.     BACKGROUND**

    **A.  Factual Background**

1

On May 9, 2019 Estell Manor purchased property located at 170 Route 50, Estell Manor, New Jersey 08330 (the "Property"), intending to use the Property as behavioral substance abuse clinic. (Doc. No. 22-2 ("Pl. SUMF") at ¶¶ 1–3). After receiving an application submitted on behalf of Estell Manor, Lloyd's issued a Commercial Property Insurance Policy, with effective dates of July 28, 2017 to July 28, 2018. (*Id.* at ¶ 4).

In relevant part, the Policy provides that Lloyd's will not pay for any loss or damage caused by vandalism, theft, or attempted theft "[i]f the building where loss or damage occurs has been vacant for more than 60 consecutive days before that loss or damage occurs." (Doc. No. 22-6 ("Policy") at 49). Under the Policy, a building is considered vacant unless 31% of its square footage is being used by the owner, lessee, or sublessee "to conduct customary operations." (*Id.*). However, "[b]uildings under construction or renovation are not considered vacant." (*Id.*).

The Policy also required Estell Manor to "maintain" a "Central Station Burglar Alarm" at the Property. (*Id.* at 23). By the terms of the Policy, Lloyd's will not pay for "loss or damage caused by or resulting from theft, if prior to the theft," Estell Manor "[k]new of any suspension or impairment" in the central station burglar alarm, or "[f]ailed to maintain [the alarm] . . . in complete working order." (*Id.*).

Sometime between November 1, 2017 and February 14, 2018, the Property was broken into and vandalized, causing approximately $500,000 worth of damage. (Pl. SUMF at ¶ 17; Doc. No. 22-7). On May 16, 2018, Estell Manor submitted a property loss claim to Lloyd's, which Lloyd's denied on February 5, 2018. (Pl. SUMF at ¶¶ 18–19).

**B. Procedural History**

Lloyd's commenced this declaratory judgment action by filing a Complaint (Doc. No. 1) in this Court on February 5, 2019. Lloyd's later filed an Amended Complaint (Doc No. 14) on

2

June 12, 2019. In response, Estell Manor filed an Answer and Counterclaim (Doc. No. 17) on July 2, 2019, to which Lloyd's filed an Answer (Doc. No. 19) on July 16, 2019. Although pretrial factual discovery was not scheduled to close until November 30, 2019, (Doc. No. 12 at ¶ 6), Lloyd's filed the instant Motion for Summary Judgment on September 24, 2019. Estell Manor protested that Lloyd's had not fully complied with its discovery obligations, (Doc. No. 25), and Magistrate Judge Donio ordered Lloyd's to produce certain documents no later than October 11, 2019. (Doc. No. 28).

Estell Manor filed its Opposition Brief (Doc. No. 34 ("Def. Brief")) on October 21, 2019. Lloyd's filed a twenty-page Reply Brief (Doc. No. 37 ("Reply")) on October 28, 2019. On October 31, 2019, Estell Manor filed a letter pointing out that Lloyd's Reply Brief exceeds the page limit set forth in Local Civil Rule 7.2(b). In response, Lloyd's filed an untimely Motion for Leave to File Excess pages the same day.[1]

## II.  LEGAL STANDARD

The court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Matsushida Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no

---

[1] Under Local Civil Rule 7.2(b), reply briefs are limited to fifteen "ordinary typed or printed pages" and overlength briefs "will only be accepted if special permission of the Judge or Magistrate Judge is obtained prior to submission of the brief." Although Lloyd's has obviously violated the Local Rules, the Court will grant its motion for leave to file excess pages and thus will accept its Reply Brief. Nevertheless, both parties are advised that future violation of the Local Civil Rules will result in appropriate sanction.

3

'genuine issue for trial.'" (quoting *First National Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968))). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Anderson*, 477 U.S. at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in his favor. *Id.* at 255; *Matsushida*, 475 U.S. at 587.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The nonmoving party must at least present probative evidence from which jury might return a verdict in his favor. *Id.* at 257. The movant is entitled to summary judgment where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III. DISCUSSION

Lloyd's asserts that summary judgment is appropriate because the undisputed evidence shows that the Property was vacant for more than sixty days prior to the burglary, and because Estell Manor failed to maintain the Property's central station burglar alarm in complete working order. (Doc. No. 22-3 ("Pl. Brief") at 5–6). Estell Manor denies these charges on the merits, contending that it was conducting renovations at the Property within the meaning of the Policy and that it sufficiently maintained the Property's alarm or that Lloyd's waived its right to exclude coverage because it retained premiums after learning of the condition of the alarm. (Def. Brief at 13–31). However, Estell Manor also contends that Lloyd's motion is premature because Estell Manor is still seeking material facts through discovery. (*Id.* at 11–13).

Under Federal Rule of Civil Procedure 56(d), courts may deny a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." *See Shelton v. Bledsoe*, 775 F.3d 554, 565–66 (3d Cir. 2015) (noting that "it is well established that a court is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery" (internal quotations omitted)); *Diversant, LLC v. Carino*, No. 18-3155, 2018 WL 4562469, at *7 (D.N.J. Sept. 24, 2018) (explaining that the nonmovant's burden under Rule 56(d) is "relatively light"). The nonmovant's affidavit or declaration must specify "'what particular information that is sought; how, if disclosed, it would preclude summary judgment; and why it has not been previously obtained.'" *Shelton*, 775 F.3d at 568 (quoting *Dowling v. City of Philadelphia*, 855 F.2d 136, 140 (3d Cir. 1988)). When the nonmovant provides such an affidavit, "a district court is rarely justified in granting summary judgment, unless the discovery request pertains to facts that are not material to the moving party's entitlement to judgment as a matter of law." *Shelton*, 775 F.3d at 569.

Estell Manor sets forth its reasons for further discovery in the Affidavit of John P. Lacey, Jr. (Doc. No. 34-2). With regard to Lloyd's argument that the Property was vacant for at least sixty days prior to the burglary, Estell Manor claims that it is seeking documents showing that renovations were ongoing at the Property in the relevant timeframe. (*Id.* at ¶¶ 24–28). Specifically, Estell Manor has an outstanding public records request with the state of New Jersey to determine, what, if any, permits and applications Estell Manor filed for during the relevant period. (*Id.* at ¶ 27). Such documents may support Estell Manor's claim that it was performing renovations on the property prior to the burglary.

With respect to Lloyd's assertion that Estell Manor did not maintain a working central station burglar alarm at the property, Estell Manor is seeking documents that would shed light on

what Lloyd's knew about the condition of Property's alarm prior to the burglary. (*Id.* at ¶¶ 15–19; Pl. Brief at 12). In particular, Estell Manor desires any communications concerning the pre-loss inspection report and any communications between Engle Martin & Associates, the firm that prepared the post-loss report (Doc. No. 34-13) for Lloyd's, and DTW Claims Management, LLC, Lloyd's claims handler.(Doc. No. 34-2 at ¶¶ 16–18). According to Estell Manor, these documents and communications may support its contention that Lloyd's is estopped from denying coverage due to any defects in the Property's alarm system.

Estell Manor explains that its ability to gather the facts necessary to oppose summary judgment has been hampered by personnel changes, as both Jonathan Janeiro, who oversaw the renovation project, and William Chatten, the Property's caretaker, are no longer in its employ. (*Id.* at ¶ 21). As such, Estell Manor lacks institutional first-hand knowledge of the events in question. (*Id.* at ¶¶ 20, 22). Further, Lloyd's did not comply with some of Estell Manor's discovery requests until ordered to do so by Judge Donio after the motion for summary judgment was filed, and Estell Manor continues to believe that Lloyd's is withholding documents. (*Id*. at 8–11).

As such, Estell Manor has provided an affidavit identifying what particular information it continues to seek in discovery, why that information may preclude summary judgment, and why it has so far been unable to obtain that information. Lloyd's objects to Estell Manor's attempt to invoke Rule 56(d) principally on the grounds that the best evidence of any ongoing renovations at the Property or a functioning central alarm system would be in Estell Manor's possession. (Reply at 18). But as Estell Manor explains, relevant employees have departed the company, impeding its internal review and forcing it to look to outside sources. Lloyd's also complains that Estell Manor has already had sufficient time to seek the information it desires. (Reply at 19–20). Yet discovery

6

was not slated to close in this case until November 30, 2019, and the Court is reluctant to penalize Estell Manor simply because it was not finished well in advance of a deadline.

Thus, the Court agrees with Estell Manor that Lloyd's Motion for Summary Judgment was premature, and that the discovery process should be allowed to run its course. Lloyd's Motion will be denied without prejudice and may be refiled after the close of discovery.

## IV. CONCLUSION

For the forgoing reasons, Lloyd's Motion for Leave to File Excess Pages is **GRANTED** and its Motion for Summary Judgment is **DENIED** without prejudice. An Order follows.

Dated: 4/14/2020 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge